UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELVIN HERRING,

                              Plaintiff,                    9:12-CV-1739
                                                                  (GLS/DEP)

    v.

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, et al.,

                              Defendants.

APPEARANCES:

MELVIN HERRING
96-A-2574
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GARY L. SHARPE
Chief United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

     The Clerk of the Court has sent to the Court for review a pleading filed pro se by plaintiff Melvin Herring. Plaintiff, who is presently confined at Auburn Correctional Facility and has not paid the filing fee, has filed an application seeking to proceed with this action in forma pauperis. Plaintiff has also filed a motion seeking the appointment of pro bono counsel.

**II.    IN FORMA PAUPERIS APPLICATION**

     "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No.

09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id.* (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed and signed in forma pauperis application (Dkt. No. 7) which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).[2]  Plaintiff has also filed the inmate authorization required in this District.

Accordingly, plaintiff's application to proceed with this action in forma pauperis is granted.

## III.    SUFFICIENCY OF THE COMPLAINT

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, the Court must now consider the sufficiency of the allegations set forth in his complaint in light of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i)

---

[1]  Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  Although plaintiff has filed other actions in the district courts comprising the Second Circuit during his incarceration, it does not appear that he has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).  *See Herring v. New York State Dep't of Corrections*, No. 9:08-CV-0101 (GLS) (N.D.N.Y. Judgment of dismissal entered Feb. 13, 2009); *Herring v. Madison*, No. 9:03-CV-0152 (TJM/DRH) (N.D.N.Y. Judgment of dismissal July 22, 2004).

[2]  Because the in forma pauperis application submitted by plaintiff along with his complaint (Dkt. No. 2) had not been certified by an authorized official at his facility, plaintiff was directed to either pay the filing fee in full or file a properly completed and certified in forma pauperis application.  *See* Dkt. No. 6.  Plaintiff's initial application (Dkt. No. 2) is denied as moot.

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to evaluate prisoner pro se complaints).[3]

In reviewing a complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties  (but particularly the plaintiff) have had an opportunity to respond[.]" *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).[4] Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. App'x. 102, 104 (2d Cir. 2009).

By his complaint in this action, plaintiff asserts claims for the violation of his constitutional rights arising out of an incident which occurred on July 17, 2012, at Marcy Correctional Facility ("Marcy C.F."). *See generally* Dkt. No. 1 ("Compl."). Plaintiff states that on that date, after completing his normal work duties as a member of the Lawns and Grounds crew, he was ordered by defendant C.O. Tabor to clean out the recreation pens at the Marcy Regional Mental Health Unit ("Marcy RMHU"). *Id.* at 5. As alleged, although the recreations pens contained numerous items which were contaminated with urine and feces, plaintiff had no training in cleaning human waste nor was he provided with protective gear of any kind. *Id.* at 5-8. In addition to being exposed to human waste, plaintiff alleges that he was placed at risk of harm from items which might be thrown into the recreation pen by Marcy RMHU inmates while he was working there. *Id.* According to plaintiff, C.O. Tabor ordered the clean-

---

[4] The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense'" and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (internal citations omitted). Rule 8 "demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

4

up because a "commissioner was coming from (DCCS) and it had to be cleaned." *Id.* at 6. Plaintiff states that he filed a grievance regarding this incident which he subsequently withdrew because Sgt. Smith threatened him with disciplinary action and was verbally abusive to him during the grievance interview. *Id.* at 8-9.[5]  Plaintiff further alleges that he filed complaints with DOCCS Commissioner Fischer, the Inspector General's Office, the Commission on Corrections, and a State Assemblyman. *Id.* at 10-11.  Plaintiff claims that none of his grievances and letters regarding this incident were properly investigated. *Id.* at 10-13.  Named as defendants in the complaint are C.O. Tabor, Sgt. Smith, DOCCS and Marcy RMHU.  Plaintiff seeks an award of money damages as well as various forms of injunctive relief.  For a complete statement of plaintiff's claims, reference is made to the complaint.

Section 1983 of Title 42 of the United States Code, establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz,* No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

---

[5] According to plaintiff, Sgt. Smith told plaintiff "that it would be sad that something was found like a weapon in plaintiff's cubicle during a search of plaintiff's cubicle."  Compl. at 21.

5

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend VIII. This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Although it is clear that the Constitution "does not mandate comfortable prisons," it does not permit inhumane treatment of those in custody. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) and *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). To demonstrate that the conditions of his confinement constitute cruel and unusual punishment a plaintiff must show objectively, that he was incarcerated under conditions which posed a substantial risk of serious harm,[6] and subjectively, that prison officials acted with deliberate indifference to his health or safety. *See Farmer,* 511 U.S. at 834; *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994).[7]

Reading plaintiff's complaint liberally, and construing the claims in the light most favorable to plaintiff, as a pro se litigant, the Court finds that a response to plaintiff's Eighth Amendment claim is required from defendant C.O. Tabor.[8] This is not a ruling on the merits and the Court expresses no opinion as to whether plaintiff's claim can withstand a properly filed motion to dismiss or for summary judgment. Rather, the Court holds only that the

---

[6] "Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991).

[7] Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 834 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Instead, the prison official must "know of and disregard an excessive risk to inmate health or safety; the [prison] official must both be aware of facts from which the inference could be draw that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

[8] To the extent that plaintiff claims that his forced exposure to human waste without appropriate training or protective gear violated his rights under the Fourteenth Amendment, that claim is dismissed. "If a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).

complaint says enough to require a responsive pleading from the defendant.

However, for the reasons set forth below, the Court finds that plaintiff's remaining claims, as alleged, are not cognizable in this action pursuant to 42 U.S.C. § 1983, and those claims are sua sponte dismissed pursuant 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.[9]

### A. Retaliation Claim against Sgt. Smith

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d. Cir. 2001)). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)

---

[9] Should plaintiff seek to pursue one or more of the claims dismissed without prejudice by the Court herein, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

(citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988).

Here, the Court has carefully considered whether plaintiff has alleged facts sufficient to even suggest that defendant Smith's conduct constituted "adverse action" for purposes of a First Amendment retaliation claim and concludes that he has not, because "[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2001) (internal quotation marks omitted). "[V]erbal harassment, or even threats, are generally held not to rise to the level of adverse action that will support a First Amendment retaliation claim." *Rosales v. Kikendall,* 677 F. Supp.2d 643, 648 (W.D.N.Y. 2010); *see Carl v. Griffin*, No. 08 Civ. 4981, 2011 WL 723553, at *5 (S.D.N.Y. Mar. 2, 2011 (defendants' alleged "threat[s]" and/or "harass[ment]"of plaintiff were insufficiently direct or specific to constitute "adverse action"); *Bartley v. Collins,* No. 95 Civ. 10161, 2006 WL 1289256, at *6 (S.D.N.Y. May 10, 2006) ("[V]erbal threats such as 'we going to get you, you better drop the suit,' do not rise to the level of adverse action."); *Cabassa v. Smith,* No. 08 Civ. 480 (LEK/DEP), 2009 WL 1212495, at *7 (N.D.N.Y. Apr. 30, 2009) (citing cases). Here, plaintiff's allegation that Sgt. Smith threatened him with false discipline if he did not "sign off" on his grievance,[10] without more, is not sufficient to plausibly suggest that Sgt. Smith took adverse action against him in violation of his First Amendment rights.

As a result, plaintiff's retaliation claim against Sgt. Smith is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b).

---

[10] The Court notes that plaintiff does not allege that he received a misbehavior report from Smith (or anyone else) following this threat or that any other adverse action was taken against him.

### B. Access to Inmate Grievance Procedures Claim Against Sgt. Smith

It is well-established that prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment. *Rhodes v. Hoy,* No. 05-CV-836, 2007 WL 1343649, at *2, *6 (N.D.N.Y. May 5, 2007) (Scullin, J.) (noting that inmates have "no constitutional right of access to the established inmate grievance program"); *Davis v. Buffardi*, No. 01-CV-0285, 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) (Magnuson, J.) ("[p]articipation in an inmate grievance process is not a constitutionally protected right") (citations omitted). Furthermore, a violation of the inmate grievance procedures does not give rise to claim under Section 1983. *Cancel v. Goord*, No. 00 CIV. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001).

As a result, plaintiff's claim that Sgt. Smith effectively denied him access to the inmate grievance procedure is not cognizable pursuant to 42 U.S.C. § 1983 and is, therefore, dismissed with prejudice.

### C. Claims against DOCCS and Marcy RMHU

Under the Eleventh Amendment to the United States Constitution, federal courts are prohibited from exercising jurisdiction over non-consenting states. *See* U.S. Const., Amend. XI; *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988). Thus, "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . , a State cannot be sued directly in its own name regardless of the relief sought." *See Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985) (citation omitted); *see also Santiago v. New York State Dep't. of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (citations omitted) ("Although [the plaintiff's] claim for an injunction against DOCS is not barred by the Eleventh Amendment's ban on retroactive damage actions, it too must be dismissed because it does not follow the requirement . . . that

9

a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly."). The departments and/or agencies of the state (such as DOCCS and Marcy RMHU) are entitled to assert the state's Eleventh Amendment immunity "where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." *Santiago*, 945 F.2d at 28 n.1 (citations omitted).[11]

As a result, DOCCS and Marcy RMHU are absolutely immune from plaintiff's claims in this action and these defendants are dismissed with prejudice.

## IV.    MOTION FOR APPOINTMENT OF COUNSEL

Courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986), "the district judge should first determine whether the indigent's position seems likely to be of substance." *Id.* at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether

---

[11] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. This doctrine provides "a limited exception to the general principle of sovereign immunity [that] allows a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law under the theory that such a suit is not one against the State, and therefore not barred by the Eleventh Amendment." *Ford v. Reynolds*, 316 F.3d 351, 354-55 (2d Cir. 2003). Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago*, 945 F.2d at 32 (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities). Here, although the complaint as drafted contains no facts which even suggest that the alleged wrongdoing on July 17, 2012 was anything other than an isolated incident, the dismissal of DOCCS and Marcy RMHU does not preclude plaintiff from pursuing these remedies against the proper defendant.

> conflicting evidence implicating the need for cross-examination will
> be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge*, 802 F.2d at 61-62).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge,* 802 F.2d at 61).

At this early stage of the litigation, it is difficult for the Court assess the likely merits of plaintiff's claims.  Moreover, there is nothing in the record which demonstrates that plaintiff is not able to effectively pursue this action.  While it is possible that there will be conflicting evidence implicating the need for cross-examination if this case proceeds to trial, "this factor alone is not determinative of a motion for appointment of counsel."  *Velasquez,* 899 F. Supp. at 974 (citing *Hodge,* 802 F.2d at 61).  Further, if this case survives a dispositive motion filed by defendant, it is highly probable that this Court will appoint trial counsel at the final pretrial conference.  Finally, this Court is not aware of any special reason why appointment of counsel **at this time** would be more likely to lead to a just determination of this litigation.

The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.  Plaintiff's motion (Dkt. No. 4) is, therefore, denied.

**V.   CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's renewed application to proceed in forma pauperis (Dkt. No.

11

7) is **GRANTED**.[12]  The Clerk of the Court shall provide the Superintendent of the facility that plaintiff has designated as his current location with a copy of plaintiff's authorization form (Dkt. No. 3) and notify that official that plaintiff has filed this action and is required to pay to the Northern District the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

    **ORDERED** that plaintiff's claims against Sgt. Smith for the violation of his First Amendment rights are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b); and it is further

    **ORDERED** that Sgt. Smith is **DISMISSED without prejudice** as a defendant in this action; and it is further

    **ORDERED** that DOCCS and RMHU are **DISMISSED with prejudice** as defendants in this action; and it is further

    **ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED without prejudice to renew**; and it is further

    **ORDERED** that upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon defendant C.O. Tabor.  The Clerk shall forward a copy of the summons and complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

    **ORDERED** that a response to plaintiff's Eighth Amendment claim shall be filed by

---

[12] Although his in forma pauperis application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.  Plaintiff's earlier filed in forma pauperis application (Dkt. No. 2) is **DENIED as moot**.

12

defendant C.O. Tabor, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: March 28, 2013
      Syracuse, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court