UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
**MELVIN HERRING,**

      Plaintiff,      9:12-cv-1739
                (GLS/DEP)
    v.

**B. TABOR,**

      Defendant.
_____
**APPEARANCES:**       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Melvin Herring
Pro Se
96-A-2574
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN  LAURA A. SPRAGUE
New York State Attorney General  Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Melvin Herring commenced this action against

defendants Department of Correction and Community Supervision (DOCCS), Marcy Regional Mental Health Unit (RMHU), correction officer Tabor, B., and correction sergeant Smith pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Herring's complaint alleges violations of the First and Eighth Amendments. (*Id.*) Herring seeks declaratory and injunctive relief, as well as damages. (Compl. ¶¶ 79-86.)

Tabor filed a pre-answer motion to dismiss. (Dkt. No. 18.) In a Report-Recommendation and Order (R&R) dated July 1, 2013, Magistrate Judge David E. Peebles recommended that Tabor's motion be granted, with leave to amend. (R&R at 26, Dkt. No. 22.) Both parties have filed objections. (Dkt. Nos. 23, 24.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**[1]

Herring is an inmate in the custody of the New York State DOCCS. (*See generally* Compl.) During the relevant time period, Herring was incarcerated in the Marcy Correctional Facility. (*Id.* ¶ 2.) While an inmate at Marcy, Herring worked on the lawns and grounds crew with other

---

[1] The facts are drawn from Herring's complaint and presented in the light most favorable to him.

2

inmates. (*Id.* ¶ 16.) On July 17, 2012, Herring was assigned to clean the grounds around a fenced in area of RMHU. (*Id.*) After the crew had finished cleaning this area, Tabor ordered several crew members to then clean out the recreation pens at RMHU, which were littered with items such as food, paper, and clothing. (*Id.* ¶¶ 18, 20.) At some time prior to this order, inmates on the crew had been advised that they should not get too close to the RMHU recreation pens because RMHU inmates had a tendency to throw urine and feces out of their cell windows. (*Id.* ¶ 17). Herring had also indicated to Tabor that the area smelled of urine and feces. (*Id.* ¶ 19.) However, Tabor denied smelling feces, and ordered the inmates to begin cleaning the recreation pens. (*Id.* ¶¶ 19-20.)

Despite a fear of having urine or feces thrown at him and contracting a disease, Herring complied with the order. (*Id.* ¶¶ 20, 63.) Herring was provided with plastic gloves to use while cleaning, and, with the gloves on, Herring disposed of a shirt that had feces on it by placing the shirt in a bag. (*Id.* ¶¶ 22-23.) The next day, Herring filed a grievance to complain about being required to clean the recreation pens, which Tabor allegedly knew contained human waste. (*Id.* ¶ 25.)

### III. Procedural History

Herring commenced this action by filing a complaint in November 2012. (Compl.) Following initial review of that complaint by this court, Herring's claims against Smith, DOCCS, and RMHU were dismissed, and all three were dismissed as defendants in this action, leaving only an Eighth Amendment conditions of confinement claim against Tabor. (Dkt. No. 12 at 12-13.) Tabor then moved to dismiss Herring's complaint for failure to state a claim and, alternatively, to revoke Herring's *in forma pauperis* status. (Dkt. No. 18.)

## IV. <u>Standard of Review</u>

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-

5.

## IV. Discussion

Each party has filed objections to the R&R. (Dkt. Nos. 23, 24.) Herring makes several objections to the R&R, primarily asserting that Tabor's conduct constituted deliberate indifference and that Herring has properly alleged an Eighth Amendment violation. (Dkt. No. 24 at 2-5.) Tabor objects only to the portion of the R&R recommending that Herring be given leave to amend his complaint. (Dkt. No. 23 at 1-2.)

### A. Eighth Amendment Claim

In his R&R, Judge Peebles recommended dismissal of Herring's conditions of confinement claim because, as alleged, it did not rise to the level of an Eighth Amendment violation. (R&R at 15-22.) Because Herring's objections are all either conclusory in nature or repeat arguments that he made in his complaint and in his response to Tabor's motion to dismiss, they are reviewed under a clear error standard. *See Almonte*, 2006 WL 149049, at *4. The court has thoroughly reviewed the R&R for clear error and found none. This portion of the R&R is therefore adopted, and Herring's claim against Tabor is dismissed.

### B. Leave to Amend

5

Tabor has objected only to the portion of Judge Peebles' R&R which recommends granting Herring leave to amend his complaint. (Dkt. No. 23 at 1-2.) As this is a specific objection, it is reviewed *de novo*. *See Almonte*, 2006 WL 149049, at *5.

Although in all cases "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted). Specifically, a complaint filed by a *pro se* litigant "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).

In light of this liberal standard, the court concludes that leave to amend is appropriate, *see* Fed. R. Civ. P. 15(a)(2), and Herring is therefore granted leave to file an amended complaint in compliance with, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4) within thirty days of this order. Herring is advised that his amended complaint must be a complete

6

pleading that will replace and supersede the original complaint in its entirety.

As to the remaining portions of the R&R, the court has reviewed them for clear error and has found none. Therefore, for the reasons articulated in the R&R, this court adopts Judge Peebles' recommendations, and dismisses Herring's complaint.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' July 1, 2013 Report-Recommendation and Order (Dkt. No. 22) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Tabor's motion to dismiss (Dkt. No. 18) is **GRANTED** and Herring's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Herring may—in accordance with the requirements of, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4)—file an amended complaint within thirty (30) days of this order; and it is further

**ORDERED** that, if Herring fails to file an amended complaint within thirty (30) days of this order, the Clerk shall **CLOSE** this action without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 20, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court