**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MELVIN HERRING,**

                      **Plaintiff,**                  **9:12-cv-1739
                                                                          (GLS/DEP)**

                      **v.**

**B. TABOR,**

                      **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Melvin Herring
Pro Se
96-A-2574
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN      LAURA A. SPRAGUE
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Melvin Herring commenced this action against

defendant B. Tabor, correction officer, pursuant to 42 U.S.C. § 1983. (Am. Compl., Dkt. No. 30.) Herring's amended complaint alleges violations of the Eighth Amendment, for which he seeks declaratory and injunctive relief, as well as damages. (*Id.*)

Tabor filed a pre-answer motion to dismiss, (Dkt. No. 31), to which Herring failed to respond. In a Report and Recommendation (R&R) dated April 29, 2014, Magistrate Judge David E. Peebles recommended that Tabor's motion be granted, and Herring's amended complaint be dismissed with prejudice. (Dkt. No. at 34 at 19-20.) Herring has filed objections to the R&R, which are now before the court. (Dkt. No. 35.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background[1]

### A. Facts

Herring is an inmate in the custody of the New York State Department of Correction and Community Supervision (DOCCS). (*See generally* Am. Compl.) During the relevant time period, Herring was incarcerated in the Marcy Correctional Facility. (*Id.* ¶¶ 2, 3.) While an

---

[1] The facts are drawn from Herring's amended complaint and presented in the light most favorable to him.

2

inmate at Marcy, Herring worked on the lawns and grounds crew with other inmates. (*Id.* ¶ 12.) On July 17, 2012, Herring was assigned to clean the grounds around a fenced in area of the Regional Mental Health Unit (RMHU). (*Id.*)

After the crew had finished cleaning this area, Tabor ordered several crew members to then clean out the recreation pens at RMHU, which were littered with items such as food, paper, and clothing. (*Id.* ¶¶ 16, 18.) At some time prior to this order, inmates on the crew had been advised that they should not get too close to the RMHU recreation pens because RMHU inmates had a tendency to throw urine and feces out of their cell windows. (*Id.* ¶ 13.) Despite a fear of having urine or feces thrown at him and contracting a disease, Herring complied with Tabor's order. (*Id.* ¶¶ 18, 21.) Herring was provided with plastic gloves to use while cleaning, and, with the gloves on, disposed of a shirt that had feces on it by placing the shirt in a bag. (*Id.* ¶¶ 19-21.)

B.  **Procedural History**

Herring commenced this action by filing a complaint in November 2012, naming Tabor, DOCCS, RMHU, and Correction Sergeant Smith as defendants. (Compl., Dkt. No. 1.) Herring also filed motions for leave to

proceed *in forma pauperis*, (Dkt. Nos. 2, 7), and to appoint counsel, (Dkt. No. 4). Following initial review of that complaint by this court, Herring's motion to proceed *in forma pauperis* was granted, but his claims against Smith, DOCCS, and RMHU were dismissed in their entirety, leaving only an Eighth Amendment conditions of confinement claim against Tabor, and his motion to appoint counsel was denied without prejudice. (Dkt. No. 12 at 11-13.)

Tabor then moved to dismiss Herring's complaint for failure to state a claim.[2] (Dkt. No. 18.) Thereafter, Herring filed two more motions to appoint counsel, (Dkt. Nos. 20, 25), both of which were denied without prejudice to renew once a decision was rendered on Tabor's motion to dismiss, (Dkt. Nos. 21, 26). Subsequently, the court granted Tabor's motion to dismiss, with leave to replead. (Dkt. No. 28.) In accordance with the court's Order, Herring filed a timely amended complaint, (Dkt. No. 30), which Tabor promptly moved to dismiss, (Dkt. No. 31). In his R&R, Judge Peebles recommended dismissal of Herring's amended complaint, with prejudice. (Dkt. No. 34.) Herring then filed his now pending objections.

---

[2] In the alternative, Tabor sought to revoke Herring's *in forma pauperis* status. (Dkt. No. 18.)

4

(Dkt. No. 35.)

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.[3] *See id.* at *4-5.

### IV. Discussion

In his objections, Herring primarily asserts that Tabor's conduct constituted deliberate indifference and that Herring has properly alleged an

---

[3] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

5

Eighth Amendment violation. (Dkt. No. 35 ¶¶ 5-6.) Herring also takes issue with the court's denial of his motions to appoint counsel, and the fact that Judge Peebles discussed Herring's failure to respond to Tabor's motion to dismiss, and noted that, under this District's Local Rules, Herring's failure to respond constituted consent to the relief sought. (*Id.* ¶¶ 2-4.)

In his R&R, Judge Peebles recommended dismissal of Herring's conditions of confinement claim because, as alleged, it did not rise to the level of an Eighth Amendment violation. (Dkt. No. 34 at 9-16.) Further, while Judge Peebles recognized that Herring failed to respond to Tabor's motion, and noted that, under this District's Local Rules, "a party who fails to oppose a motion has effectively consented to the granting of the relief sought," (*id.* at 8-9), he nevertheless, "[i]n an abundance of caution," went on to consider the merits of Tabor's motion, (*id.* at 9-18). Finally, as Herring's motions to appoint counsel were neither before him, nor relevant to Tabor's motion to dismiss, Judge Peebles did not discuss Herring's requests for the appointment of counsel.

Here, because Herring's objections are all either conclusory in nature, repeat arguments that he made in his complaint, or are wholly

unrelated to Judge Peebles' R&R, they are reviewed under a clear error standard. *See Almonte*, 2006 WL 149049, at *4. The court has thoroughly reviewed the R&R for clear error and found none. Therefore, for the reasons articulated in the R&R, this court adopts Judge Peebles' recommendations, and dismisses Herring's complaint.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' July 1, 2013 Report and Recommendation (Dkt. No. 34) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Tabor's motion to dismiss (Dkt. No. 31) is **GRANTED** and Herring's amended complaint (Dkt. No. 30) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 30, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court